IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID FOLEY | Case No. 21-cr-00019<br><br>Judge Steven C. Seeger |

## MEMORANDUM IN SUPPORT OF NON-PARTY INVESTORSHUB.COM, INC.'S MOTION TO QUASH DEFENDANT'S SUBPOENA

Pursuant to Federal Rule of Criminal Procedure 17(c), non-party InvestorsHub.com, Inc. ("iHub") hereby submits this Motion to Quash Defendant David Foley's Subpoena to Produce Documents, Information, or Objects in a Criminal Case (the "Subpoena"). As explained below, the Subpoena is deficient for many reasons. Further, the information sought from iHub raises First Amendment concerns. Because Defendant has not met his burden regarding the documents and information that he seeks, iHub respectfully asks the Court to quash the Subpoena.

## BACKGROUND

Foley has been charged in the instant case with eight counts of fraud by wire, radio, or television, one count of manipulative and deceptive devices, and one count of fraudulent interstate transactions. This case has been pending since 2021. iHub is an interactive service provider that owns and operates the Investorshub.com website, which serves as a forum for members to share and discuss market insights and other investment-related information about public companies via message boards. The message boards are open to the public, and third parties may post remarks anonymously.

The Subpoena, served on iHub on November 1, 2023, requests that certain documents and information be provided to counsel for Foley on or before November 10, 2023. The Subpoena is broad, requesting identifying information for **any** iHub user with information about

Foley, his ongoing SEC case, or the allegations in the instant case. It also seeks identifying information for six specific users, as well as identifying information for the poster of one specific document. There are no temporal limitations, definitions, or other instructions provided that would help narrow the scope of the Subpoena. A true and correct copy of the Subpoena is attached hereto as **Exhibit A**.

## ARGUMENT

I. **Standard of Review.**

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal matters. Fed. R. Crim. P. 17. "On a motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). District courts have broad discretion to quash subpoenas pursuant to Rule 17. *See United States v. Bebris*, 4 F.4th 551, 560 (7th Cir. 2021).

The U.S. Supreme Court has held that the party seeking documents or information pursuant to a criminal subpoena must demonstrate: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition." *United States v. Nixon*, 418 U.S. 683, 700 (1974) (quotation marks omitted). The *Nixon* Court alternatively re-framed the above test as simply requiring the subpoenaing party to show that the subpoena seeks evidence that is (1) relevant, (2) admissible, and (3) requested with specificity. *Id. See also United States v. Hardy,* 224 F.3d 752, 755 (8th Cir. 2000); *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) ("to compel

2

production of documents under Rule 17(c), the party seeking production must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity") (citation omitted).

**II.  Foley has not met his burden regarding the information requested in the Subpoena.**

Foley did not, and cannot, establish any of the *Nixon* factors set forth above. The information sought from iHub is not relevant to Foley's defense of the instant case. The information is not essential to Foley's preparation for trial. The Subpoena is also vague and ambiguous. For these reasons, the Subpoena must be quashed.

A.  <u>The information sought is not relevant or admissible.</u>

The subpoenaing party bears the burden to show a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (quoting *United States v. Nixon*, 418 U.S. 683, 700 (1974)). The mere possibility of relevance is not enough. *See Nixon*, 418 U.S. at 700. Failure to establish relevance, alone, constitutes grounds for quashing a subpoena. *United States v. Serta Assocs., Inc.*, 29 F.R.D. 136, 138 (N.D. Ill. 1961) (quashing a subpoena where the court specifically found that it was "not convinced of the relevancy of the documents sought").

Courts frequently quash criminal subpoenas for lack of relevance. *See, e.g., United States v. Libby*, 432 F. Supp. 2d 26, 34 (D.D.C. 2006) (quashing a subpoena on relevance grounds and further noting that, where relevant information is already in the party's possession, producing further, irrelevant information is not permissible under Rule 17(c)); *United States v. Johnson*, 2:11-CR-501 DN, 2016 WL 312128, at *2 (D. Utah Jan. 24, 2016) (quashing a subpoena on relevance grounds because the information sought did not support any fact that pertained to the alleged crime or any defense); *United States v. Tagliaferro*, 19-CR-472 (PAC), 2021 WL 980004, at *3 (S.D.N.Y. Mar. 16, 2021) (quashing a subpoena because the party provided "no

explanation for how the materials sought in the Amended Subpoena will be admissible at trial"); *United States v. Irizarry*, 6:14-CR-46-ORL-40TBS, 2014 WL 12641582, at *4 (M.D. Fla. Dec. 24, 2014) (quashing a subpoena because the defendant failed both to show that the evidence sought was "material to his defense to an element of the crime charged" or "that the Government's case-in-chief hinges on information contained in" the evidence sought).

Here, Foley has made no showing whatsoever that the information sought from iHub in the Subpoena is relevant to the offenses charged in the indictment. The Subpoena seeks identifying information for users that have information regarding Foley's "ongoing SEC civil enforcement action …. and/or the criminal allegations against him" in this case. It is unclear how user information about people that merely know about Foley's various legal matters (including one separate from the instant case) are material to Foley's defense of this case, or how the information sought will be admissible at trial. For this reason alone, the Subpoena must be quashed.

B.  <u>The Subpoena is vague and ambiguous.</u>

*Nixon* and its progeny are clear that a Subpoena under Rule 17 must be specific and cannot be used by a party as a mere substitute for discovery. *See United States v. Libby*, 432 F. Supp. 2d 26, 31–34 (D.D.C. 2006); *United States v. Corbett*, 4:07-CR-435CAS, 2008 WL 2095740, at *1 (E.D. Mo. May 16, 2008). The lack of a specific allegation in the subpoena that the evidence/testimony sought is relevant is, of itself, grounds to quash a subpoena. *United States v. Hernandez*, 3:12-CR-0190-L(04), 2012 WL 6213263, at *2 (N.D. Tex. Dec. 13, 2012). Thus, the party seeking evidence must both *allege* that the evidence is relevant and *support* the allegation logically. *See United States v. Hankton*, CRIM.A. 12-1, 2014 WL 688963, at *1 (E.D.

La. Feb. 21, 2014) ("[Party] fails to support his assertion that the requested documents are relevant, admissible, and identified with sufficient specificity.")

Thus, unless the subpoenaing party can point to a specific bit of evidence it expects to be present (and, moreover, can plausibly establish a likelihood that the sought evidence exists in the materials described), then the subpoena is an impermissible fishing expedition that fails the *Nixon* test. *United States v. Ventola*, CR 15-10356-DPW, 2017 WL 2468777, at *2 (D. Mass. June 7, 2017). *See also United States v. Lee*, 5:06 CR 0424 JW, 2009 WL 724042, at *2 (N.D. Cal. Mar. 18, 2009) ("The requirement of specificity is not satisfied if the defendants do not know what the evidence consists of or what it will show.").

It is clear that the Subpoena is being used as a substitute for discovery in this matter, seeking the names, addresses, and other identifying information of those who have any information about Foley's legal affairs. This is nothing more than a fishing expedition, which is an impermissible function of a criminal subpoena. Further, the Subpoena contains no explanation whatsoever regarding the need for the information sought. Foley's failure to include, let alone support with specificity, any assertions regarding the relevancy of iHub's information mandates quashing the Subpoena.

**III.     The Subpoena is unreasonable.**

Even if all the elements set forth in *Nixon* are established, a subpoena "can still be quashed if compliance would be unreasonable or oppressive." *United States v. Corbett*, 4:07-CR-435CAS, 2008 WL 2095740, at *1 (E.D. Mo. May 16, 2008). District judges have wide latitude to employ common sense to determine whether a subpoena is reasonable because the "inquiry into the reasonableness of a particular subpoena 'cannot be reduced to formula; for relevancy and adequacy or excess in the breadth of the subpoena are matters variable in relation to the nature,

purposes and scope of the inquiry.'" *United States v. Doe*, 434 F. Supp. 2d 377, 378 (E.D. Va. 2006) (quoting *Okla. Press Pub. Co. v. Walling,* 327 U.S. 186, 209 (1946). *See also United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299 (1991) ("what is reasonable depends on the context.").

Courts have determined that subpoenas are unreasonable in a wide variety of contexts. *See Margoles v. United States*, 402 F.2d 450, 451-52 (7th Cir. 1968) (finding that a request for "any and all equipment logs" for eavesdropping equipment over the course of one year was too broad and therefore unreasonable); *United States v. Akhavan*, 505 F.Supp.3d 289, 291 (S.D.N.Y. 2020) (finding that a defendant's "extremely broad" requests rendered his subpoena unreasonable and oppressive, and although the responses to the requests would have contained relevant information, "[t]his Court will not command [a third party] to turn over the haystack so that [defendant] can extract the needle"); *United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2000) (upholding the trial court's determination that requiring an entity to listen to 17.5 hours of tape to produce evidence was not reasonable); *United States v. DNRB, Inc.*, 4:15-CR-0362-01-DGK, 2017 WL 2806251, at *2 (W.D. Mo. June 27, 2017) (requiring an entity to review its documents and independently evaluate their relevance was unreasonable).

The Subpoena in this matter is unreasonable and oppressive for several reasons. First, there are no definitions, temporal limitations, or other directions to assist in a response. Second, the Subpoena seeks the personal information of seemingly any user who has information regarding Foley's legal matters. This particular request is extremely overbroad. In other words, how is iHub supposed to determine which of its users have "information" regarding Foley's cases? This inquiry may lead to relevant information, but mere possibility is not enough. Third, the Subpoena does not allow a reasonable time to comply; it orders iHub to produce records

within 10 days of service of the Subpoena.[1] The Subpoena should be quashed because it is unreasonable and oppressive.

   IV.   **The Subpoena raises First Amendment concerns.**

Additionally, the Subpoena seeks personal, identifying information from a potentially significant number of iHub's anonymous users. Disclosures of this nature generally run afoul of the First Amendment. iHub's users have a First Amendment right to post anonymously on the Internet, including iHub's platform. *See McIntyre v. Ohio Elections Commission,* 514 U.S. 334, 357 (1995) ("Anonymity is a shield from the tyranny of the majority."); *Reno v. ACLU,* 521 U.S. 844, 870 (1997) (applying the First Amendment fully to the Internet).

Several courts "have adopted a two-part test to determine whether to enforce a subpoena that may infringe on First Amendment rights." *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. s 1461 et seq.*, 706 F. Supp. 2d 11, 18 (D.D.C. 2009); *In re Grand Jury Subpoenas Duces Tecum,* 78 F.3d 1307, 1312 (8th Cir.1996); *In re Grand Jury Proceedings,* 776 F.2d 1099, 1102–1103 (2d Cir.1985). "In order to survive a First Amendment challenge the government must show that they have a compelling interest in obtaining the sought-after material and that there is a sufficient nexus between the subject matter of the investigation and the information they seek." *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461*, 706 F. Supp. 2d at 18. Further, a third-party website cannot be subpoenaed for information regarding the identity of its anonymous posters unless the subpoena demonstrates both the

---

[1] While Rule 17 does not explicitly state that a subpoena must provide a reasonable time to comply, Federal Rule of Civil Procedure 45 contains such a provision. Fed. R. Civ. Proc. 45(d)(3)(A)(i)-(ii). In the absence of such a requirement in the Criminal Rules, iHub submits that the civil procedure corollary should apply. *See United States v. Durst*, CRIM.A. 15-091, 2015 WL 4879465, at *3 (E.D. La. Aug. 14, 2015) (noting the absence of a criminal rule to handle confidential matters and trade secrets and instead applying standard from Fed. R. Civ. Proc. 45).

compelling interest and a sufficient nexus between the case and the information sought. *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d 1, 4 (D.D.C. 2012).

Such is the case here. The Subpoena seeks to unmask the identity of a potentially significant number of iHub's users, who enjoy the right to post anonymously. The Subpoena does not proffer a compelling interest for disclosure, and this Court therefore cannot force the disclosure of the users' identities. As set forth in detail above, the Subpoena also does not establish any nexus whatsoever between the information sought from iHub and Foley's defense of this matter. Accordingly, the subpoena should be quashed.

## **CONCLUSION**

Defendant Foley's Subpoena fails to include the requisite showings of relevance, admissibility, specificity, and reasonableness. The Subpoena also raises First Amendment concerns due to the nature of the information sought. For these reasons, iHub asks the Court to quash the subpoena.

Dated: November 9, 2023

Respectfully submitted,

INVESTORSHUB.COM, INC.

By: /s/ Natalie A. Harris
    One of its attorneys

Natalie A. Harris (ARDC #6272361)
Sharon Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 741-1030
nharris@bhhlawfirm.com
salbrecht@bhhlawfirm.com
*Attorneys for non-party InvestorsHub.com, Inc.*