IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 21-cr-00019 |
| v. | Judge Steven C. Seeger |
| DAVID FOLEY | Magistrate Judge Sheila M. Finnegan |

**NON-PARTY INVESTORSHUB.COM, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO QUASH DEFENDANT'S SUBPOENA**

Pursuant to Federal Rule of Criminal Procedure 17(c) and this Court's Order (D.E. 102) non-party InvestorsHub.com, Inc. ("iHub") hereby files this reply brief in support of its Motion to Quash Subpoena.

## INTRODUCTION

Defendant David Foley has served a deficient and unreasonable subpoena (the "Subpoena") on iHub that must be quashed. Defendant has not met its burden to establish that the information sought in the Subpoena is relevant, admissible, or specific. Further, the Subpoena is unreasonable because it seeks the information of any "users who [have] information" regarding Defendant's civil enforcement action and the criminal allegations against him. Additionally, the Subpoena's demand for identifying information of specific users runs afoul of the First Amendment—Defendant is unable to demonstrate a compelling interest to overcome this constitutional protection.

Defendant filed a response to iHub's Motion to Quash (the "Response") on December 29, 2023 (D.E. 101). Defendant's Response mischaracterizes the information sought in the Subpoena and misinterprets the applicable First Amendment principles which preclude the disclosure of

1

iHub's individual users' information. The Subpoena must be quashed for the reasons set forth in iHub's Motion to Quash and for the reasons set forth below.

## ARGUMENT

**I.       Defendant mischaracterized the information sought in the Subpoena.**

Defendant's Response repeatedly asserts that the Subpoena seeks identifying information from 7 of iHub's users "at most," and is therefore specific and reasonable (D.E. 101 at 6-7). This is a clear mischaracterization of the Subpoena. Contrary to Defendant's claims, the Subpoena seeks:

> All documents, electronically stored information, or objects relating to the following:
> **Identifying information of InvestorsHub.com users who has information regarding the ongoing SEC civil enforcement action against David Foley (19 CV 1711) and/or the criminal allegations against him (21 CR 19), including, but not limited to**:
> - Name, address, phone number, IP address, email address, and/or any other user information for the following users:
>   - Jimr1717 - https://investorshub.advfn.com/boards/profilea.aspx?user=30222
>   - Zorax - https://investorshub.advfn.com/boards/profilea.aspx?user=49001
>   - Shajandr - https://investorshub.advfn.com/boards/profilea.aspx?user=394734
>   - DangFool - https://investorshub.advfn.com/boards/profilea.aspx?user=46312
>   - BeverlyH - https://investorshub.advfn.com/boards/profilea.aspx?user=55466
>   - Squeaky Shoe - https://investorshub.advfn.com/boards/profilea.aspx?user=650717
> - Name, address, phone number, IP address, email address, and/or any other user information for the user who uploaded the following document:
>   - https://investorshub.advfn.com/uimage/uploads/2019/1/7/vgoavFOLEY_DAVID_WELLS NOTICE 396697387-SECDF-page-001-1 (2).jpg

Subpoena, p. 2 (emphasis added). The Subpoena requests much more than the limited, specific user information that Defendant claims it does (D.E. 101 at 7). It actually seeks the identifying

information of **any** of iHub's users that "have information" regarding the allegations against Defendant in this case (and perhaps more broadly, any criminal allegations against Defendant) or the ongoing SEC enforcement action.

The party seeking information in a criminal subpoena must show that the subpoena seeks evidence that is (1) relevant, (2) admissible, and (3) requested with specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974). Even if these factors are met, a subpoena may still be quashed "if compliance would be unreasonable or oppressive." *United States v. Corbett*, 4:07-CR-435CAS, 2008 WL 2095740, at *1 (E.D. Mo. May 16, 2008). Extremely broad requests that require review of a large amount of data will be quashed as unreasonable. *Margoles v. United States*, 402 F.2d 450, 451-52 (7th Cir. 1968) (finding that a request for "any and all equipment logs" for eavesdropping equipment over the course of one year was too broad and therefore unreasonable).

Defendant has failed to establish that the Subpoena seeks relevant or specific information. Defendant has also failed to establish that his requests are reasonable. While the response claims the six identified users made posts about the value of NTGL's shares (*Response*, p. 5), no such posts have been presented to this Court, and Defendant makes no showing that *any* post by any of the six users forms the basis for the government's claims in this case.

And significantly, the Subpoena is *not* limited to six users or to this case. Defendant has not explained—or even acknowledged—how identifying information for anyone that "has information" regarding allegations against Defendant would support his defense or how iHub would even make a determination about whether a user has information about Defendant's SEC or criminal law troubles. On its face, the Subpoena seeks information unrelated to the purportedly "narrow" issues in the instant case.

3

Further, iHub's subpoena policy states that it does not produce user information based on subpoenas engaged in "fishing expeditions." (D.E. 101-2). iHub's policy further states that it will produce information only in "a bona fide legal action that implicates the iHub user in some legal impropriety or wrongdoing and can show that the information requested is material to the underlying case." *Id*. iHub's subpoena policy also clearly states that "[t]his policy does not create any enforceable legal rights, either for InvestorsHub.com members or for requesting parties." Id. In other words, Defendant's reliance on iHub's subpoena policy is misguided and does not ensure any remedy for Defendant.

The Subpoena is nothing more than a "fishing expedition," which is specifically prohibited by iHub's subpoena policy. As a practical matter, it is unclear how iHub would search for users who have information regarding Defendant, as there are no specific instructions to assist iHub in doing so. Neither the Subpoena nor Defendant's Response have established that the users have been implicated in wrongdoing. The request for information on any iHub user with information on allegations against Defendant is overbroad and therefore unreasonable. The Subpoena must be quashed.

## II. The Subpoena raises First Amendment concerns.

Even if the scope of the Subpoena was narrowed, the disclosure of individual usernames runs afoul of the First Amendment. Defendant's Response misinterprets the applicable cases and fails to demonstrate the compelling interest and sufficient nexus required to overcome the constitutional hurdle.

As an initial matter, the First Amendment does apply here to protect iHub's users' anonymous use of the platform. *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d 1, 4 (D.D.C. 2012) (finding that platform user had First Amendment right to post on the Internet

anonymously). iHub also has standing to assert this Motion to Quash on behalf of its users. *See In re Grand Jury Subpoena Issued to Twitter, Inc.*, No. 3:17-mc-40-M-BN 2017 WL 9485553 at *- (N.D. Tex. Nov. 7, 2017) (finding that Twitter had standing to file a motion to quash criminal subpoena seeking the identity of its users, specifically stating that "businesses that provide an online medium of expression may assert their online users' First Amendment rights in opposing a party's request for information"). Defendant's reliance on *Kowalski* is misplaced, as it held that attorneys lacked third-party standing to bring causes of action on behalf of hypothetical clients. *Kowalski v. Tesmer*, 543 U.S. 125, 130-31 (2004).

      Defendant cites inapplicable cases to assert that iHub's users have no reasonable expectation of privacy in their subscriber information. *See First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 245-46 (N.D. Ill. 2011) *First Time Videos* is distinguishable because the subpoenas at issue were directed at the disclosure of putative defendants' user information in a large-scale copyright infringement case. *Id*. (finding that First Amendment protections for anonymous online speech were limited due to the prima facie showing that putative defendants had engaged in copyright infringement).

      Defendant then cites a string of cases denying motions to quash in a civil context to assert that similar motions to quash are "routinely denied." However, each of the cases cited by Defendant involved civil subpoenas directed at uncovering user information for individuals who had allegedly engaged in illegal or tortious behavior. *Sony Music Entertainment, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 563-64 (S.D.N.Y. 2004) (denying motion to quash subpoena because the subpoena sought identifying information of defendants who engaged in copyright infringement and plaintiff had made a prima facie showing of infringement and balancing of other First Amendment factors); *Recording Indus. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*,

351 F.3d 1229 (D.C. Cir. 2003) (denying an ISP's motion to quash a subpoena seeking subscriber information for users who had allegedly engaged in copyright infringement and finding that the subpoena could only be directed at the infringing activity); *In re Subpoena Duces Tecum to America Online, Inc.*, 2000 WL 1210372, *7 (Va. Cir. 2000) (denying motion to quash subpoena seeking identity of Doe defendants who made defamatory statements and disclosed confidential information online and finding that the online dissemination of unprotected speech, such as defamation, was likely not protected by the First Amendment) (reversed on other grounds). The instant case involves a criminal subpoena directed to an anonymous third party and is certainly distinguishable from the above-cited investigations into wrongdoing on the part of anonymous Internet users.

Courts routinely apply First Amendment principles when evaluating motions to quash civil subpoenas and protect the anonymity of online speakers. *See Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095 (W.D. Wash. 2001) (granting motion to quash subpoena seeking identities of anonymous non-party ISP subscribers in shareholder derivative suit and finding that non-party disclosure is only appropriate in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker); *Anderson v. Hale*, No. 00 Civ.2021, 2001 WL 503045, at *9 (N.D. Ill. May 10, 2001) (granting motion to quash subpoena seeking identifying information from ISP about subscribers affiliated with organization). Even in civil cases, courts will not allow parties to uncover the identities of non-parties unless they demonstrate a compelling need. *See 2TheMart.com*, 140 F. Supp. 2d at 1095.

The case law concerning criminal subpoenas seeking the identity of anonymous Internet users is limited and has generally only been examined in the grand jury context. *See In re Grand*

6

*Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*, 706 F. Supp. 2d 11, 18 (D.D.C. 2009) (holding that in order to survive a First Amendment challenge to a subpoena, the seeking party must demonstrate "a compelling interest in obtaining the sought-after material and that there is a sufficient nexus between the subject matter of the investigation and the information they seek"); *In re Grand Jury Subpoenas Duces Tecum,* 78 F.3d 1307, 1312 (8th Cir.1996) (same); *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d at 4 (same). Because it is clear that First Amendment rights of anonymous online speakers are carefully considered by both civil and criminal courts when evaluating a motion to quash subpoena, Defendant must show both a compelling interest in obtaining the information and that there is a sufficient nexus between the subject matter of the investigation and the information sought. *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461*, 706 F. Supp. 2d at 18. He has not done so, and the Subpoena must therefore be quashed.

## **CONCLUSION**

Defendant Foley mischaracterizes the scope of the Subpoena and misinterprets the relevant First Amendment principles that apply here. The Subpoena's request for information on users with any information about allegations against Defendant lacks the requisite specificity and is otherwise unreasonable. Further, the First Amendment applies to iHub's potential disclosure of specific information about its users. Defendant has not made the requisite showing to overcome First Amendment concerns. For these reasons, the Subpoena must be quashed.

Dated: January 9, 2024            Respectfully submitted,

                                           INVESTORSHUB.COM, INC.

                                           By: /s/ Natalie A. Harris
                                                      One of its attorneys

Natalie A. Harris (ARDC #6272361)
Sharon Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 741-1030
nharris@bhhlawfirm.com
salbrecht@bhhlawfirm.com
*Attorneys for non-party InvestorsHub.com, Inc.*