**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 21 CR 19 |
| | ) | |
| | ) | Hon. Steven C. Seeger |
| DAVID FOLEY | ) | |
| | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO CONTINUE SENTENCING**

Now comes the Defendant, David Foley, by and through his attorney, Cece White, and respectfully requests that this Court enter an order continuing the sentencing hearing and associated filing deadlines. In support, Mr. Foley states as follows:

1. On November 4, 2024, Mr. Foley was convicted of 2 counts of securities fraud and acquitted of 8 counts of wire fraud after a jury trial.

2. A sentencing hearing is scheduled for May 28, 2025 at 1:30 p.m. Dkt. 262. The Defendant's sentencing memorandum is due on May 14, 2025 and the government's is due May 21, 2025.

3. Defendant requests continuance because more time is needed to research and address the unusual number of issues that must be raised as objections to the PSR. Mr. Foley has objections to the offense conduct, multiple aspects of the guideline calculation, including the loss amount, and Chapter 3 adjustments, and restitution.

4. Most of these objections also require Mr. Foley to raise multiple arguments, some statutory and some based on the guidelines. For example, Mr. Foley's objections to restitution must address the statutory bases for restitution when a defendant is convicted of a Title 15 offense, the definition of a "victim," the level of causality required between a victim's loss and the defendant's conduct, the proper methodology for calculating restitution in a securities fraud case, and more specifically, issues with the actual calculation proposed by the

1

government and included in the PSR. Mr. Foley must also raise different objections to the same calculation being used for the purpose of the guidelines loss amount enhancement which has a different standard. Towards that end, Mr. Foley has requested additional documentation from the government in support of its proposed loss calculation which the defense will need time to analyze.

5. Further, the issues present here are not only complex but are also not well settled in case law. For example, it appears to be rare that a defendant's only criminal convictions are violations of securities fraud statutes and thus, there are few cases where the guideline rules were applied without reliance on convictions for conspiracy or wire fraud counts.

6. As another example, the guidelines definition of relevant conduct was amended in November 2024 to limit when acquitted conduct may be considered at sentencing. Given the recency of this change, there are few cases applying the new rule, and, further complicating this analysis, there is significant overlap in this case between the acquitted wire fraud allegations and the convicted securities fraud counts.

7. Mr. Foley also has factual objections to the PSR upon which the Court may rely unless he produces evidence that creates real doubt about the allegations included in the PSR. *See generally United States v. Moreno-Padilla*, 602 F.3d 802, 809 (7th Cir. 2010). This requires him to revisit trial testimony and exhibits to ensure his objections are raised in good faith.

8. Setting aside these unusually complex objections, Mr. Foley also requests more time to ensure that he can adequately address each of the § 3553(a) factors.

9. Mr. Foley also has pending post-trial motions and a pending motion to dismiss the counts on which he was convicted. Thus, he must take care not to waive issues that he seeks to preserve for appeal while also attempting to streamline the issues on which the Court must rule at sentencing.

10. Defense counsel has been continuously working on Mr. Foley's objections and sentencing memorandum since the PSR was released but more time is needed given the highly specific and complex issues at play in this case. This motion is not intended to delay the proceedings; it is intended to ensure that Mr. Foley's objections are well founded and supported by research upon which the Court can rely to reach a ruling.

11. The government has no objection to this motion.

12. Further, the parties have conferred and are available for a sentencing hearing on the following dates: June 26, June 27, June 30, July 1, and July 2.

For these reasons, the defendant, David Foley, respectfully requests that this Court enter an order continuing the sentencing date and resetting the deadlines on which the parties must file their sentencing memoranda.

                                        Respectfully submitted,

                                        */s/ Cece White*

                                        CECE WHITE
                                        Nishay K. Sanan, Esq.
                                        53 W. Jackson Blvd., Suite 1424
                                        Chicago, Illinois 60604
                                        (312) 692-0360
                                        cece@sananlaw.com