**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

UNITED STATES OF AMERICA

                              Plaintiff,

v.                                                    Case No.: 1:21–cr–00019
                                                      Honorable Steven C. Seeger

David Foley, et al.

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, April 23, 2026:

        MINUTE entry before the Honorable Steven C. Seeger as to David Foley: The Court held a second installment of the sentencing hearing on April 23, 2026. The Court began by addressing the Sentencing Guidelines, and discussed the loss calculation as part of the calculation of Foley's offense level. The government seeks a 12–level increase based on the notion that investors suffered a loss of more than $400,000. See U.S.S.G. § 2B1.1(b)(1)(G). The government relied on a declaration from Deborah Oremland from FINRA. See Decl. (Dckt. No. [272–1]). According to her declaration, investors suffered losses totaling $400,238.03 from December 1, 2015, to August 31, 2016. Id. at ¶ 10. The Court raised a few questions about that calculation. By the look of things, the government simply calculated the amount of money that investors lost from December 2015 to August 2016, without explaining those dates and without offering much of a rationale for tying all of those losses to the fraud. After taking a break, the Court raised more questions. Ultimately, the Court decided to adjourn the hearing, and requested supplemental submissions. As explained at the hearing, the Court needs more specifics from the government to support its request for a loss calculation of $400,238.03. It would help to get more information about how, exactly, the government got that number. First, the government must provide information about the alleged losses suffered by each investor, including the dates of purchases, purchase price, dates of sale, sale price, and the total amount of alleged losses. Second, the government must aggregate the data and provide monthly loss amounts for investors as a whole. Third, the Court needs more information about the purchases by Blankenship and any other purchaser who bought stock at the behest of Blankenship. Specifically, the Court needs to know the dates and amounts of those purchases. If the government is arguing that pumping increased the price of the stock, and then led to losses, then it would help to have more specifics about the timing and amount of the pumping. Fourth, the government must justify the beginning date and end date of the alleged loss period. That is, the government must justify a start date of December 1, 2015, and an end date of August 31, 2016. If the government suggests new start and end dates, then it must justify those dates, explaining how they relate to Foley's fraud. Basically, when did the "pumping" begin, and when did harm to investors end? Fifth, the government must provide information about the price of NTGL stock during the relevant time period. A graph would help. Finally, the Court would appreciate receiving more information about purchases of stock during the pre–River North period, meaning

the period before Galaxy (the company associated with Foley) sold NTGL stock to River North in January 2016. This Court is not limiting the information that the government can provide. The government may provide any other information that might assist the Court in evaluating the loss calculation. The Court directs counsel to propose a briefing schedule, so that defense counsel has a fair opportunity to review and respond to the government's submission before the sentencing hearing resumes. The Court thanks counsel for their anticipated cooperation. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.