**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

UNITED STATES OF AMERICA
Plaintiff,
v.
Case No.: 1:21−cr−00019
Honorable Steven C. Seeger
, et al.
Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, October 13, 2026:

MINUTE entry before the Honorable Steven C. Seeger as to David Foley: Defendant Foley's motion to extend the surrender date (Dckt. No. [324]) is hereby denied. On August 19, 2026, this Court presided over a sentencing hearing and directed Defendant Foley to surrender by October 31, 2026. That's almost two and a half months. Defense counsel has since withdrawn, and Defendant is awaiting the appointment of appellate counsel. Defendant filed a pro se motion, asking to extend his surrender date by 40 days to December 10, 2026. Defendant explained that he seeks an extension to "enable appellate counsel as soon as appointed to receive critical sentencing transcripts, consult with Defendant, and prepare threshold pre−surrender motions for release pending appeal." This Court can understand Defendant's desire to get appellate counsel appointed, and get that person up and running. Even so, this Court does not see any reason why Defendant needs to remain out of custody while his new soon−to−be−appointed appellate counsel learns the case. Appellate counsel can learn the case and get up to speed while Defendant is in custody. Conferring with trial counsel is the best means of accomplishing that objective. The fact that Defendant is awaiting the appointment of appellate counsel is not a basis for delaying the reporting date, especially given the age of the case and the amount of time that has already passed since sentencing. Plus, Defendant will not report to the BOP until the end of the month, so there is still time to get another lawyer appointed and bring him or her up to speed. If there is some special reason why Defendant needs to remain out of custody, then Defendant can try again closer to the deadline. But as things currently stand, this Court does not see a reason why Defendant needs to stay out of custody pending the appointment of counsel and the pursuit of an appeal. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.